UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DARNELL WESLY MOON,

    Plaintiff,

vs.

SHERIFF RICHARD K. JONES, *et al.*,

    Defendants.

Case No. 3:15-cv-424

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

___

**ORDER AND ENTRY: (1) GRANTING *PRO SE* PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 20); (2) GRANTING *PRO SE* PLAINTIFF'S MOTION FOR LEAVE FROM THE CERTIFICATE OF SERVICE REQUIREMENT (DOC. 19); AND (3) DIRECTING THE CLERK TO SEPARATELY FILE *PRO SE* PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC. 20-1)**

\*\*\*\*\*\*\*\*\*\*

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION TO DISMISS BE DENIED AS MOOT (DOC. 12); AND (2) *PRO SE* PLAINTIFF'S FIRST MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 14) BE DENIED AS MOOT**

___

This civil case is before the Court on the motion to dismiss (doc. 12) filed by Defendants Richard K. Jones and Dennis Adams. Doc. 12. *Pro se* Plaintiff Darnell Wesly Moon ("Moon") filed a memorandum in opposition to Defendants' motion. Doc. 13. Thereafter, Defendants filed a reply memorandum. Doc. 16.

In addition to opposing Defendants' motion to dismiss, Moon has also filed two motions for leave to file an amended complaint (docs. 14, 20), which the Court addresses before addressing Defendants' motion. In his original complaint, Moon asserts civil rights claims under 42 U.S.C. § 1983 against Defendants in their personal capacities, as well as a claim of intentional

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

infliction of emotional distress under Ohio law. Doc. 3. Moon's § 1983 claims all concern the alleged conditions of his confinement at the Butler County Jail (the "Jail") in Hamilton, Ohio. *Id*. Specifically, Moon contends that Defendants violated his constitutional rights by depriving him of: (1) religious accommodations; (2) cleaning items for personal hygiene; (3) edible food; and (4) recreation. *Id*. Defendants moved to dismiss Moon's original complaint under Fed. R. Civ. P. 12(b)(6), arguing that Moon's factual allegations set forth only temporary inconveniences and do not set forth any actual injury -- or at least a constitutional injury. Doc. 12 at PageID 45.

In his first motion for leave (doc. 14), Moon requested leave so that he could set forth factual allegations with more specificity. *Id*. at PageID 57. Moon did not attached a proposed amended complaint to his first motion for leave and failed to identify what additional facts he sought to allege. *See id*. Nevertheless, on June 1, 2017, Moon filed a second motion for leave to amend his complaint (doc. 20), to which he attached a proposed amended complaint. Doc. 20-1.

Moon's proposed amended complaint sets forth similar allegations regarding the alleged denial of religious accommodations, toiletries, and edible food. *See* doc. 20-1 at PageID 93-94. Omitted from Moon's proposed amended complaint are allegations regarding the lack of recreation while incarcerated. *See id*. Added, however, are allegations about having been stripped search upon intake; being laughed at while naked during the search by other inmates and an unidentified corrections officer; living and showering in dirty conditions; being denied a shower for 3 or 4 days and then being denied warm water for showers thereafter; having to shower while exposed to other inmates; sleeping on a thin mattress; and sleeping in a freezing cold cell. *Id*. at PageID 93-94.

Ordinarily, a district court "should freely give leave [to amend the pleadings] when justice so requires." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing Fed. R. Civ. P. 15(a)(2)). The decision to grant or deny leave to amend lies within the discretion of

the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See* Fed. R. Civ. P. 12(b)(6). In the interests of justice, the undersigned **GRANTS** Moon's second motion for leave (doc. 20) and **RECOMMENDS** that Moon's first motion for leave (doc. 14) be **DENIED** as **MOOT**. The Clerk shall separately file Moon's proposed amended complaint (doc. 20-1).

The Court next addresses Defendants' motion to dismiss. Doc. 12. "Because amended complaints supersede the original pleading, the filing of the amended complaint . . . technically render[s] [a] pending motion to dismiss moot." *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). Because Defendants' motion to dismiss addresses the allegations in the original complaint, the it is **MOOT** and the undersigned **RECOMMENDS** that Defendants' motion be **DENIED** as such, **WITHOUT PREJUDICE** to refile addressing the allegations in the amended complaint.

Finally, Moon seeks leave from serving Defendants by regular mail and, instead, seeks permission to serve Defendants through the Court's electronic filing system ("CM/ECF"). Doc. 19. In light of the financial hardship upon Moon, and in the absence of prejudice to Defendants -- they will receive all filings via the Court's CM/ECF system -- the Court **GRANTS** Moon's motion. Doc. 19.

Date:   June 19, 2017                                     s/ Michael J. Newman
                                                                                 Michael J. Newman
                                                                                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).